IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LALA D. MCCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: 2:15-cv-902-GMB |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Lala D. McCall filed this action on December 7, 2015, seeking judicial review of a final adverse decision of the Commissioner of Social Security denying her application for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Doc. 1. The case is ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The parties have consented to the entry of a final judgment by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and Rule 73.1 of the Local Rules for the United States District Court for the Middle District of Alabama. Docs. 11 & 12. Based upon a review of the parties' briefs, the evidentiary record, and the relevant authority, the court finds that, for the reasons

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. No further action needs to be taken to continue this lawsuit pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

explained below, the Commissioner's decision is due to be REVERSED and REMANDED.

## I.  STANDARD OF REVIEW

The court reviews a social security case to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997).  The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (internal quotation marks omitted).  Indeed, the court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied." *Kelly v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

"Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Jones ex rel. T.J.J. v. Astrue*, 2011 WL 1706465, at *1 (M.D. Ala. May 5, 2011) (citing *Lewis*, 125 F.3d at 1440).  The court must scrutinize the entire record to determine the reasonableness of the decision reached. *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987).  "If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as a finder of fact, and even if the court finds that the evidence preponderates against the

Commissioner's decision." *Jones*, 2011 WL 1706465, at *2 (citing *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)). The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–46 (11th Cir. 1991); *Jones*, 2011 WL 1706465, at *2 (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). McCall bears the burden of proving that she is disabled, and she is responsible for producing evidence to support her claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). Specifically, the Commissioner must determine in sequence:

   (1) Is the claimant presently unemployed?
   (2) Is the claimant's impairment severe?
   (3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
   (4) Is the claimant unable to perform his or her former occupation?
   (5) Is the claimant unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (quoting 20 C.F.R. § 416.920(a)−(f)). "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III. DISCUSSION

**A.** **Facts**

   McCall filed her applications for benefits on September 20, 2012, alleging a disability onset date of April 1, 2011. Doc. 16-5. McCall's claims were denied at the administrative level. Doc. 16-4.

   McCall requested and received a hearing before an Administrative Law Judge ("ALJ"). Doc. 16-4. After holding a hearing, the ALJ concluded that McCall had the severe impairments of "back disorders, anxiety, depression, and hypothyroidism," but that none of those impairments or combination of impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix

1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

Doc. 16-2. The ALJ concluded that McCall has the residual functional capacity to

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant is able to stand/walk four to six hours of an eight-hour workday and sit 6 to 8 hours in an 8-hour workday. She should not be required to reach overhead bilaterally and she should not be required to handle objects more than frequently with both hands. She should not be required to climb ladders, ropes and scaffolds, work at unprotected heights or drive commercial vehicles. The claimant is able to concentrate and carry out short, simple work instructions, adapt to occasional changes in work settings and routines and time off task can be accommodated by normal breaks. The claimant should not be required to work around the general public but she is able to interact with co-workers and supervisors occasionally.

Doc. 16-2. Ultimately, the ALJ concluded that McCall was not disabled within the meaning of the Social Security Act. Doc. 16-2.

**B.   Analysis**

McCall presents the following issues for the court's review: (1) whether the ALJ committed reversible error by failing to assign any weight to a psychological consultation examination by Dr. Fernelle L. Warren and by neglecting, in its entirety, the mental limitations Dr. Warren assigned to McCall; and (2) whether the ALJ committed reversible error by relying upon a non-examining reviewing physician's opinion to support the residual functional capacity assigned to McCall in violation of *Dillard v. Astrue*, 834 F. Supp. 2d 1325, 1332 (S.D. Ala. 2011) (citing *Swindle v. Sullivan*, 914 F. 2d 222, 226 (11th Cir. 1990)).[2] Because the court finds that McCall's first issue warrants reversal, the court pretermits discussion and decision on the second issue.

---

[2] These are the issues as presented by McCall in her brief. *See* Doc. 14 at 2.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.  The Eleventh Circuit has explained in *Winschel v. Commissioner of Social Security*, 631 F.3d 1178 (11th Cir. 2011), that whenever a physician or psychologist offers a statement reflecting judgments about the nature and severity of a claimant's impairment—including symptoms, diagnosis, and prognosis, what the claimant can still do despite her impairments, and the claimant's physical and mental restrictions—the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons for doing so. *Id.* at 1178–79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  In the absence of such a statement, "'it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Id.* (quoting *Cowart v. Schweiker*, 662 F.3d 731, 735 (11th Cir. 1981)).

In this case, while the ALJ briefly mentions Dr. Warren's opinion,[3] she does not articulate what weight she gave this opinion, nor her grounds for rejecting this opinion. The Commissioner does not dispute this flaw in any meaningful way.  In fact, the Commissioner's brief is devoid of any direct discussion of the ALJ's failure to articulate

---

[3] The only explicit discussion of Dr. Warren's opinion in the ALJ's decision is the following: "In addition, a mental status evaluation of the claimant revealed alertness, attentiveness, normal speech, coherent expressions, intact orientation, and low average to average range intelligence. Dr. Fernelle's objective findings evidenced the claimant was essentially able to mentally function (Exhibit 12F)."  The court notes that the ALJ's reference to Dr. Fernelle is a mistaken reference to Dr. Warren, whose first name is Fernelle.

the weight given to Dr. Warren's opinion, instead addressing whether the ALJ was required to base her residual functional capacity finding on Dr. Warren's opinion. That is not the issue before the court, however. The issue is whether the ALJ erred by failing to articulate what weight, if any, she gave to Dr. Warren's opinion, and the court finds that she did. The law is clear that the ALJ was required to state with particularity the weight given to Dr. Warren's opinion and the reasons therefor, and her failure to do so mandates reversal. *See Scott v. Comm'r of Soc. Sec.*, 2012 WL 834118, at *3–4 (M.D. Fla. Mar. 13, 2012) (reversing and remanding when ALJ failed to state what weight was given to the opinion of a consultative examining psychologist).

Moreover, while this argument was not raised by the Commissioner, the court finds that the ALJ's error in failing to articulate the weight given to Dr. Warren's opinion was not harmless. Dr. Warren's opinion explicitly states that McCall's prognosis is "poor," that her "ability to function independently is moderately to severely impaired," and that "her ability to remember and to carry out instructions, as well as respond appropriately to supervisors, co-workers, and work pressures in a work setting is moderately to severely impaired." Doc. 16-10 at 5. Even the Commissioner recognizes that Dr. Warren "concluded Plaintiff's mental functional limitations effectively preclude her from working." Doc. 15 at 6. Thus, Dr. Warren's opinion contradicts the ALJ's residual functional capacity finding that McCall can perform light work, that she can "stand/walk four to six hours on an eight-hour workday, and sit 6 to 8 hours in an 8-hour workday;" that she can "understand, remember and carry out short, simply work instructions;" and that she is "able to interact with co-workers and supervisors

7

occasionally." Doc. 16-2. As the Eleventh Circuit has held, while the ALJ might have considered Dr. Warren's opinion and rejected it, "without clearly articulated grounds for such [a finding], [the court] cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1178–79. Thus, the court finds that the ALJ's error was not harmless.

## IV. CONCLUSION

Accordingly, for the reasons stated above, it is ORDERED that the decision of the Commissioner is REVERSED and REMANDED for the Commissioner to conduct further proceedings consistent with this opinion, to include (1) evaluating the opinion of Dr. Fernelle L. Warren; (2) stating what weight, if any, is given to this opinion; and (3) explaining the reasons for the assigned weight.

A final judgment will be entered separately.

DONE this 22nd day of February, 2017.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE